Marvin, J.
Amanda Fitzpatrick filed her petition in the court of common pleas, alleging that she was unlawfully deprived of her liberty by McConnell, as sheriff of Cuyahoga county, Ohio, and praying for her release upon habeas corpus. The return of the sheriff set out that the petitioner was held by him as a prisoner under and by virtue of a mittimus issued by a justice of the peace of the county of Cuyahoga.
Upon a hearing, the court remanded the petitioner to the custody of the sheriff; and to reverse this judgment of the "".ourt, the present proceedings are had.
A bill of exceptions is filed, setting forth all the evidence introduced before the court. From this it appears that a warrant was issued by Irving E. Hershey, a justice of the peace of Cuyahoga county, for the arrest of the petitioner, and that such warrant was issued upon there having been filed with him an affidavit (which is Exhibit “B” of the bill of exceptions), which reads:
“The State of Ohio, Cuyahoga County, ss
“Before me, Irving E. Hershey, a justice of the peace in and for said county, personally came Maggie Goette,who *520 being duly sworn according to law, deposeth and saith, that •on or about the 31st day of December, A. D. 1900, at the •county of Cuyahoga, one Mary Jones (real name unknown) •unlawfully did falsely pretend to the said Maggie Goette that she was collecting money and funds to provide shoes •and clothing for certain children by the name, of Oversell, who were destitute, and that after said children were provided with suitable shoes and clothing she had arranged to have them admitted to the German Methodist Orphan Asylum of Berea, Ohio, and by means of which false pretenses, ■she, the said Mary Jones (real name unknown), did solicit and receive unlawfully from the said Maggie Goette the sum of twenty-five cents, with intent then and there to cheat •and defraud the said Maggie Goette of the said sum of •money; whereas in truth and in fact the said Mary Jones was not collecting money and funds for said children or their benefit, all of which the said Mary Jones then and •there well knew.
“(Signed) Maggie Goette.
“Sworn to and subscribed before me, this 31st day of December, A. D. 1900.
“(Signed) Irving E. Hershey,
“Justice of the Peace. ’’
The petitioner consented to have her case disposed of by 'the justice, and pleaded guilty to the charge, whereupon •she was sentenced to the county jail.
It is urged that no offense against any law of Ohio was •charged in the affidavit, and that, therefore, the justice was without jurisdiction, and that no consent of the petitioner •could give jurisdiction to the justice.
The affidavit, as will be seen, charges that the petitioner unlawfully pretended, among other things,that she was collecting money and funds to provide shoes and clothing for •certain destitute children named in the affidavit. Other pretenses are set out in the affidavit, which are said to be false; but it is the one named, which is distinctly negatived in the affidavit — the words of the negation being: “Whereas, in truth and in fact, the said Mary Jones was not cob lecting money and funds for said children or their benefit, ■all of which the said Mary Jones then and there well knew. ”
It should be said that the affidavit charged the offenses ■ against “Mary Jones, real name unknown.’’
Frank Higley, for Plaintiff'in Error.
P. H. Kaiser and F. L. Taft, for Defendant in Error,x
The charge is, as a result of the pretense set out in the ■affidavit, the petitioner obtained from one Maggie Goette the sum of twenty-five cents.
The argument made on behalf of the plaintiff in error is that the false pretense which was negatived in the affidavit, only relates to a future event and is, therefore, not such false pretense as is punishable by law.
It is said that for the petitioner to pretend that she was collecting money for these children, is, in effect, saying that she was collecting money which, when collected, she would apply to the relief of these children, and that the negation is only to the extent that she did not intend thereafter to apply the funds to such purpose.
We think this is not a fair interpretation of the language of the affidavit.
The representation charged in the affidavit that the petitioner was then collecting funds for a specified purpose, was .a representation of an existing fact, or rather a fact alleged then to exist, to-wit, a present purpose and object in the -collecting of the funds. This is distinctly negatived by the language already quoted.
It is further urged on the part of the plaintiff in error, that there was not such averment in the affidavit as shows that anything of value was obtained from the party making the complaint. The language is that “the petitioner received from said Maggie Goette the sum of twenty-five cents” We think this is a sufficient averment that she received ■something of value by reason of her false pretense; but it is said that the language of section 7076, Revised Statutes, is, whoever by any false pretense obtains, * * * etc., and that the language of the affidavit is that the petitioner “ received” this money. We think the distinction sought to be made, is not well taken.
One who receives from another, obtains from another.
Other questions are made by counsel for plaintiff in error, but the holding on the points already mentioned disposes of the case, and the judgment of the court of common -pleas is affirmed.
Note — Frank Higley, for Plaintiff in Error: The affidavit fll *522 ed with the magistrate does not state any offense under the laws of Ohio.
The affidavit is defective in the following particulars: First. In failing to set forth the ownership, kind or value of the property received. 11 Ohio, 401, Wharton Criminal Law, sec. 1223. Seoond. In failing to set up that the property was obtained by means of the alleged false pretenses. 34 Ohio St., 314; Wharton Criminal Law, sec. 1227. Third. In failing to properly set forth any pretense that relates to a past event or an existing fact. In an indictment for obtaining property by false pretenses, it is necessary to negative the alleged pretenses, and those alleged pretenses will be deemed true which are not negatived in the indiotment. 49 Ohio St., 583; 35 Ohio St., 81; 56 N. E. R., 665; 32 S. W. R., 129; Whart. Crim. L., sec. 1167, 1224; Bish. Crim. Proc., secs. 168, 9.
The only pretense properly set forth'in the affidavit, is the pretense that the defendant was collecting money and funds for the said children, or their benefit.
The false pretenses are material only in so far as the same are the operative cause in obtaining the property. 35 Ohio St., 83; Whart. Crim. L., sec. 1175.
The operative cause, as appears from the affidavit, is not the fact that the defendant was collecting funds for the children, or their benefit, but tuat the funds when collected would be used for the benefit of the children. And this relates to a future transaction.
An indictment for false pretenses cannot be founded upon the assertion of an existing intention, although it did not in fact exist. 18 C. C., 515.
Where the affidavit filed with the magistrate does not state an offense under the laws of Ohio, he can acquire no jurisdiction to try the defendant, and his judgment is a nullity, and the defendant is entitled to be released from imprisonment, and habeas corpus is the proper remedy. 48 Ohio St., 588; 5 C. C. 207; Rev. Stats., secs. 7133, 7146, 7147, 5729.